IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clarence Abney, ) | C/A No.: 1:21-3063-TLW-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Aiken County Sheriff Mike Hunt; ) | |
| Captain Gallum; Head Nurse Sue ) | ORDER AND NOTICE |
| Ledbetter; Lt. Butler; John Hardy; ) | |
| Aiken County Detention Center; ) | |
| Aiken County Sheriff Department; ) | |
| Aiken Standard Newspaper; ) | |
| Google; and Officer Bowman, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Clarence Abney ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights regarding his arrest and subsequent incarceration at the Aiken County Detention Center ("ACDC"). He sues Aiken County Sheriff Mike Hunt, Captain Gallum, Head Nurse Sue Ledbetter, Lt. Butler, John Hardy, ACDC; Aiken County Sheriff Department ("ACSD"); Aiken Standard Newspaper, Google, and Officer Bowman (collectively "Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.  Factual Background

In his amended complaint, Plaintiff alleges a myriad of claims against Defendants. Plaintiff alleges Bowman falsely arrested him because Bowman lied about having a statement from the victim. [ECF No. 9 at 6]. He claims Hunt received a bench warrant for Plaintiff's arrest without probable cause. *Id.* at 9. He alleges his arrest was "placed in the newspaper and google as if he were already guilty [of the charges]." *Id.* at 5.

Once incarcerated at ACDC, Plaintiff alleges Butler and Hardy assaulted him after falsely telling him he did not make bond, but he provides no further details about the alleged assault. *Id.* at 7. Plaintiff claims he was deprived of his mental health medication, for which he blames Ledbetter without further allegations regarding how she was responsible. *Id.* at 8. Plaintiff claims he was starved while at ACDC. He alleges Gallum stripped him "naked 5 days took sleeping mat[] didn't allow rec for 15 days after riot broke out for lack of food." *Id.*

II. Discussion

A.  Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss

a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally

3

construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

    B.    Analysis

        1.    Insufficient and Conclusory Allegations

To state a plausible claim for relief under 42 U.S.C. § 1983,[1] an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014). To assert a viable § 1983 claim against a state official, Plaintiff must allege sufficient facts

---

[1] Plaintiff's complaint is before this court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally-guaranteed* rights and to provide relief to victims if such deterrence fails.

to show that they have violated his constitutional rights. Plaintiff's allegation that Butler and Hardy assaulted him is insufficient, as he must show that they used excessive force against him, by making specific allegations, in order to show a constitutional violation. Similarly, although Plaintiff used Ledbetter's name in his sentence about being deprived of mental health medication, he has not provided sufficient allegations of the circumstances to state a constitutional violation. Plaintiff's limited statement about Gallum having strip-searched him is also insufficient to show a constitutional violation without greater detail.

Plaintiff's statement that Hunt issued a bench warrant without probable cause is similarly insufficient, as warrants are issued by judges after finding probable cause exists. Plaintiff's claim that Bowman lied about having a victim statement is also insufficient to show a constitutional violation without allegations as to the circumstances.

Because Plaintiff's allegation are insufficient and conclusory against Butler, Hardy, Ledbetter, Gallum, Hunt, and Bowman, these defendants are subject to summary dismissal.

2.   Claims Against ACDC and ACSD

As explained above, to state a claim pursuant to 42 U.S.C. § 1983, Plaintiff must allege a person acting under the color of state law violated his constitutional rights. Only "persons" may act under color of state law;

5

therefore, a defendant in a § 1983 action must qualify as a "person." For example, inanimate objects such as buildings, facilities, and grounds are not "persons" and cannot act under color of state law. *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Neither ACDC nor ACSD is a "person" subject to suit under § 1983. Accordingly, Plaintiff's claims against ACDC and ACSD are subject to summary dismissal.

### 3.    Google and Aiken Standard Newspaper

Plaintiff also fails to state a claim pursuant to § 1983 against Google or the Aiken Standard Newspaper, as these entities do not act under the color of state law. Further, Plaintiff has failed to state a claim for defamation because his arrest was reported. Therefore, Google and the Aiken Standard Newspaper are also subject to summary dismissal.

### NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **October 29, 2021**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*,

6

238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A.  If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims specified above be dismissed without leave for further amendment.

    IT IS SO ORDERED.

October 15, 2021                           Shiva V. Hodges
Columbia, South Carolina            United States Magistrate Judge