UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clarence Abney,<br><br>PLAINTIFF<br><br>v.<br><br>Aiken County Sheriff Mike Hunt; Captain Gallum; Head Nurse Sue Ledbetter; Lt. Butler; John Hardy; Aiken County Detention Center; Aiken County Sheriff Department; Aiken Standard Newspaper; Google, and Officer Bowman,<br><br>DEFENDANTS | Case No. 1:21-cv-3063-TLW<br><br>**Order** |

Clarence Abney ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this civil action pursuant to 42 U.S.C. § 1983. ECF No. 1. On September 22, 2021, Plaintiff filed his original complaint against Aiken County Sheriff Mike Hunt, Captain Gallum, John Hardy, and Head Nurse Sue Leddbetter. ECF No. 1. Specifically, Plaintiff alleges that his constitutional rights were violated during his arrest and subsequent incarceration at the Aiken County Detention Center ("ACDC"). *Id.*

Plaintiff's complaint was referred to the Honorable Shiva H. Hodges, United States Magistrate Judge, for review pursuant to 28 U.S.C. § 36b(b)(1)(B). The day after Plaintiff filed his complaint, the magistrate judge issued a proper form order, ECF No. 5, informing Plaintiff that specific steps needed to be taken in order for his complaint to be served on named Defendants. Additionally, the proper form order

Page **1** of 4

instructed Plaintiff to keep to Clerk of Court advised in writing of his address so that orders, deadlines, and other matters would be received by Plaintiff. *Id.* at 3.

On October 8, 2021, Plaintiff filed an amended complaint adding ADSC, Google, The *Aiken Standard* newspaper, the Aiken County Sherriff's Department ("ACSD"), and Officer Bowman as defendants. ECF No. 9. As noted in the Report, Plaintiff alleges assault, deprivation of mental health medication, deprivation of certain meals, and deprivation of proper light fixtures, deprivation of recreation time. ECF Nos. 9 at 9, 19 at 2. Plaintiff makes no factual allegations in connection with these claims. They are simply listed in the amended complaint as the magistrate judge states. This was the basis to require Plaintiff to file a second amended complaint. No amended complaint was filed.

After Plaintiff filed his amended complaint, the magistrate judge issued a second proper form order, ECF No. 14, and an order and notice, ECF No. 15, advising Plaintiff that his as-filed amended complaint was subject to summary dismissal. The magistrate judge echoed the necessary requirements for service stated in the first proper form order and noted that Plaintiff's complaint was subject to summary dismissal because (1) Plaintiff's complaint fails to state a § 1983 claim as to Defendants Butler, Hardy, Ledbetter, Gallum, Hunt, and Bowman because the complaint does not specifically allege any constitutional violations committed by the individual defendants; (2) Plaintiff's complaint failed to state a claim against ACDC and ACSD because they are not "persons" subject to suit under § 1983, and (3) Plaintiff's complaint fails to state a § 1983 claim against either Google or the *Aiken*

*Standard* because these entities do not act under the color of state law. ECF No. 15 at 4–6. The magistrate judge gave Plaintiff until October 29, 2021 to bring his complaint into proper form by filing an amended complaint and providing the appropriate documents necessary for service. ECF Nos. 14 &15. Plaintiff did not file an amended complaint.

The matter now comes before the Court for review of the Report and Recommendation ("Report") filed by the magistrate judge. ECF No. 19. In the Report, the magistrate judge recommends that Plaintiff's complaint be dismissed without prejudice for the reasons stated in the order and notice along with Plaintiff's failure to prosecute. *Id.* at 3–8.

Furthermore, the Report notes that Plaintiff was released from custody without providing a forwarding address. *Id.* at 2–3; ECF No. 17–1. The magistrate judge further notes that the Defendants do not "have any means of contacting [Plaintiff] concerning his case. She also notes that Plaintiff has not provided the court of any change of address. *Id.* at 5. Accordingly, she concludes that "it appears to the court that he wishes to abandon this action." *Id.* The magistrate judge further recommends that dismissal for failure to prosecute. *Id.* This Court has no basis to conclude otherwise. Additionally, Plaintiff did not file any objections to the Report. This matter is now ripe for decision.

The Court is charged with conducting a *de novo* review of any portion of the Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that Report. 28 U.S.C. § 636.

In the absence of objections to the Report, the Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). In such a case, "a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

The Court has carefully reviewed the Report. For the reasons stated by the magistrate judge, the Report, ECF No. 19, is **ACCEPTED**. Plaintiff's complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

November 17, 2022
Columbia, South Carolina